IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF WREN,                                              1:10-cv-01160-JLT (HC)

       Petitioner,

vs.                                                     ORDER TRANSFERRING CASE TO
                                                        THE UNITED STATES DISTRICT COURT
                                                        FOR THE EASTERN DISTRICT OF
UNKNOWN,                                                CALIFORNIA, SACRAMENTO DIVISION

       Respondent.
_____/

       Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his June 30, 2008 conviction in the Placer County Superior Court. (Doc. 1).

       On June 29, 2010, Petitioner filed a motion to proceed in forma pauperis. (Doc. 2). However, to date the Court has not ruled upon this motion.

       The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

       In a habeas matter, venue is proper in either the district of conviction or the district of

1 confinement. 28 U.S.C. § 2241(d). Where a petitioner attacks the execution of his sentence, the
2 proper forum in which to review such a claim is the district of confinement. See Dunn v. Henman,
3 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to
4 challenge the execution of a sentence is the district where the prisoner is confined.").

5     In this case, Petitioner challenges his conviction in the Placer County Superior Court, which
6 is located within the Sacramento Division of the Eastern District of California. Therefore, the
7 petition should have been filed in the United States District Court for the Eastern District of
8 California, Sacramento Division. In the interest of justice, a federal court may transfer a case filed in
9 the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d
10 918, 932 (D.C. Cir. 1974).

11     Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
12 District Court for the Eastern District of California, Sacramento Division. All future filings shall
13 reference the new Sacramento case number assigned and shall be filed at:

14     United States District Court
    Eastern District of California
15     Sacramento Division
    501 "I" Street, Suite 4-200
16     Sacramento, CA 95814

17

18 IT IS SO ORDERED.

19 Dated:   **July 21, 2010**                     **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28